```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
```

SHELDON ALLEN,                                  NOT FOR ELECTRONIC OR
                                              PRINT PUBLICATION
                 Plaintiff,

  -against-                              **MEMORANDUM AND ORDER**

                                            09-CV-1283 (KAM)

WARDEN CAMERON LINDSAY, MEDICAL
DEPARTMENT, MDC BROOKLYN, BUREAU OF
PRISONS, UNITED STATES,

                 Defendants.

```
----------------------------------------X
```

**MATSUMOTO, United States District Judge:**

        *Pro se* petitioner Sheldon Allen ("petitioner" or "Allen") filed a petition for a writ of habeas corpus pursuant to Title 28 U.S.C. Section 2241, alleging that he was denied adequate and needed medical treatment while serving his sentence at the Metropolitan Detention Center Brooklyn ("MDC Brooklyn"). (ECF No. 1, Petition for Writ of Habeas Corpus ("Pet.").)  While his petition was still pending, Allen was transferred from MDC Brooklyn to the Lewisburg Penitentiary in Lewisburg, Pennsylvania.  (*See* ECF No. 10, Resp'ts Ltr. dated 10/22/10 at 2 n.2; ECF No. 12, Pet. Ltr. dated 10/25/10.)  Because Allen was transferred from MDC Brooklyn, his claims for injunctive relief against MDC Brooklyn and its personnel are moot.  Further, because Allen has been transferred to a facility outside of the

Eastern District of New York, this court is no longer the appropriate venue to consider a challenge to his current conditions of confinement.  Consequently, petitioner's 2241 habeas claims are dismissed.  However, in light of petitioner's *pro se* status, the court considers whether his claims could be brought as civil rights or tort claims.

## **BACKGROUND**

On May 9, 2003, Allen was convicted in the United States District Court for the Western District of New York of conspiracy to import a controlled substance into the United States in violation of Title 18 U.S.C. Section 846.  Allen was sentenced on September 30, 2003 to 169 months in prison.  In or about December 2008, Allen was transferred to MDC Brooklyn, where he served part of his sentence.  (*See* ECF No. 1-2, Aff. in Supp. of Habeas Corpus Petition ("Pet. Aff.") ¶ 4; ECF No. 4, Resp. to Order to Show Cause ("Resp.") at 1.)

Allen filed the habeas petition now before the court on March 24, 2009.  (*See* Pet.)  The petition was brought pursuant to Title 28 U.S.C. Section 2241 ("Section 2241") against Warden Cameron Lindsay, the Medical Department, MDC Brooklyn, Bureau of Prisons ("BOP"), and the United States (collectively "respondents").  (*Id.*)  Allen complained that he was "denied adequate and needed medical treatment" for his hernia and hypertension at MDC Brooklyn.  (*Id.* at 2; Pet. Aff.

2

¶¶ 4-7.) The court ordered respondents to file an answer in response to the habeas petition, and respondents filed a response on May 28, 2009. (*See* ECF Order dated 3/30/09; Resp.) Respondents argued that the claims in the petition were not ripe and that Allen had failed to exhaust BOP administrative remedies. (Resp. at 2-4.) Allen replied on June 5, 2009, arguing that due to the long history of negligence by BOP personnel, his claims were ripe for adjudication and fell within an exception to the exhaustion requirement. (ECF No. 5, Pet. Reply at 2-7.)

Thereafter, petitioner sent three letters to the court containing updates on his medical condition and the treatment he was receiving at MDC Brooklyn. (ECF No. 6, Pet. Ltr. dated 6/2/09; ECF No. 7, Pet. Ltr. dated 6/21/09; ECF No. 8, Pet. Ltr. dated 8/21/09.) In these letters, Allen explained that even though he received the surgery he needed to treat his hernia on June 19, 2009, MDC Brooklyn continued to deny him adequate medical treatment. (*Id.*) Specifically, he complained that his post-surgery care was inadequate in that MDC Brooklyn failed to provide him with pain medication for three full days following his hernia surgery and did not provide him with post-surgery care. (Pet. Ltr. dated 6/21/09.) Further, Allen complained that MDC Brooklyn was not properly addressing a wrist injury

that required surgery and work-duty restriction, neither of which were provided. (*Id.*; Pet. Ltr. dated 8/21/09.)

On October 14, 2010, the court ordered respondents to file a status report in this case. (ECF Order dated 10/14/10.) Respondents filed a status letter on October 22, 2010, reasserting that the claims in the petition were unexhausted and not ripe. (Resp'ts Ltr. dated 10/22/10.) Further, respondents informed the court that sometime after his last letter to the court, Allen was transferred from MDC Brooklyn to the Lewisburg Penitentiary in Lewisburg, Pennsylvania ("Lewisburg facility"). (*Id.* at 2 n.2.) Petitioner sent a letter dated October 25, 2010, addressing the respondents' status letter. (Pet. Ltr. dated 10/25/10.) In this letter, Allen confirmed that he had been transferred to the Lewisburg facility. (*Id.*) Allen informed the court that the medical team at the Lewisburg facility had diagnosed him with prostate cancer and "ha[d] set into motion every necessary from of treatment." (*Id.*) Allen states that while the medical team at MDC Brooklyn diagnosed him with elevated prostate level, they "never considered it worth further inquiry." (*Id.*)

## DISCUSSION

A. *Section 2241 Habeas Petition*

"A motion pursuant to [Title 28 U.S.C Section 2241] generally challenges the execution of a federal prisoner's

4

sentence, including such matters as . . . prison conditions."
*Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001); *see also
Jabarah v. Garcia*, 2010 WL 3834663, at *4 (S.D.N.Y. Sept. 30,
2010) ("When a federal inmate is challenging the conditions of
confinement, the proper vehicle for such a challenge is the
federal habeas statute, 28 U.S.C. § 2241."). Petitions
challenging the medical treatment afforded during confinement
are properly brought as Section 2241 habeas petitions. *See
Sullivan v. United States*, 2002 WL 32096584, at *1 (E.D.N.Y.
Dec. 6, 2002) (finding that a "request for review of BOP
decisions regarding medical treatment challenges the execution
of [petitioner's] sentence" and "should [be] brought as a
petition for habeas corpus pursuant to § 2241"). Allen, a
federal inmate, challenges the medical attention and treatment
provided at MDC Brooklyn. (*See* Pet.) Therefore, Allen is
challenging the execution of his sentence by the BOP with
respect to conditions of confinement, and the petition is
properly brought as a Section 2241 habeas petition.

      The proper venue for a Section 2241 habeas petition
challenging conditions of confinement is the district where the
petitioner is confined. *See Sullivan*, 2002 WL 320 96584, at *2
("A § 2241 petition challenging the execution of a sentence,
including the conditions of the inmate's confinement, should be
brought in the district court for the district where the

5

prisoner is in custody.") (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 500 (1972), and *Billiteri v. United States Bd. of Parole*, 541 F.2d 938, 948 (2d Cir. 1976) for support of the proposition that Section 2241 habeas petitions must be filed in the district of confinement); *Jabarah*, 2010 WL 3834663, at *4 ("The proper venue to bring a § 2241 challenge is the district of confinement."). Further, when a petitioner is transferred from a facility, any claims for injunctive relief against that facility become moot. *See Hill v. Zenk*, 115 F. App'x 97, 97 (2d Cir. 2004) ("Because [the petitioner] brought his action for relief against the warden of a facility in which he concedes he is no longer incarcerated, his petition for relief is moot."); *Jabarah*, 2010 WL 3834663, at *3 ("When an inmate is transferred from a prison facility, any pending injunctive action against the transferring facility is moot, regardless of whether the action was filed prior to the transfer."). This is so even if the Section 2241 habeas petition was properly filed in the district of confinement prior to the transfer. *Id.*

Allen filed the instant 2241 habeas petition in the Eastern District of New York while he was incarcerated at MDC Brooklyn. (*See* Pet.) The petition was properly brought in this court at that time. However, some time after filing his petition, the BOP transferred Allen from MDC Brooklyn to the

6

Lewisburg facility in Pennsylvania. (*See* Resp'ts Ltr. dated 10/22/10; Pet. Ltr. dated 10/25/10.) Consequently, any claims for injunctive relief against MDC Brooklyn and its personnel are moot, and the court must dismiss such claims for lack of jurisdiction. *See Hill*, 115 F. App'x at 97; *Jabarah*, 2010 WL 3834663, at *3.

Further, this court is no longer the proper venue to hear petitioner's 2241 habeas claims. This court was the proper venue while Allen was in custody at MDC Brooklyn, located in the Eastern District of New York. However, because Allen is currently in custody at the Lewisburg facility, any 2241 habeas petition arising out of his conditions of confinement must be brought in the appropriate district court in Pennsylvania. *See Sullivan*, 2002 WL 320 96584, at *2. While this court has broad discretion to transfer an action to another judicial district in the interest of justice, *see id.*, a transfer would not be appropriate in this case. The claims raised in the habeas petition and supplemental letters are specific to the medical treatment provided by the personnel at MDC Brooklyn. In fact, Allen states in his last letter that the medical team at the Lewisburg facility "set into motion every necessary form of treatment" after diagnosing him with prostate cancer. (*See* Pet. Ltr. dated 10/25/10.) Because the claims in Allen's 2241 habeas petition challenged the conditions of confinement specific to

7

MDC Brooklyn, and do not relate to his current conditions of confinement at the Lewisburg facility, a transfer in this case would not be in the interest of justice. Accordingly, Allen's 2241 habeas petition is dismissed.

B.  *Civil Rights and Tort Claims*

Even though petitioner's 2241 habeas claims must be dismissed, the facts alleged in the petition could be construed as raising civil rights and/or tort claims against prison officials. Because Allen is a *pro se* petitioner, his petition should not be dismissed for a mere failure to cite to the appropriate cases or statutes or correctly frame his claims as civil rights or tort claims. *See Thompson v. Choinski*, 525 F.3d 205, 209-10 (2d Cir. 2006) (reversing district court dismissal of action brought by *pro se* petitioner when facts alleged could have entitled the petitioner to relief under civil rights law, even though the claims were not framed as civil rights claims); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-77 (2d Cir. 2010) (construing *pro se* complaint liberally to assert alternative FTCA claim); *Morrow v. Dupont et al.*, 2010 WL 1005856 (E.D.N.Y. Mar. 15, 2010) (construing plaintiff's complaint as raising potential FTCA and constitutional claims to address sovereign immunity defense). If a *pro se* petitioner alleges facts that would entitle him to relief, "the court should . . . treat[] the claims as properly pleaded, or at least

give[] the petitioner leave to file an amended pleading identifying the proper source of law without dismissing the action." *Choinski*, 525 F.3d at 210.

Here, the petition could be construed as raising a possible claim under the Eighth Amendment for deliberate indifference to Allen's medical needs, pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). *See Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994) (stating that the Eighth Amendment "applies to prison officials when they provide medical care to inmates"). To bring a *Bivens* action challenging prison conditions, a petitioner must first exhaust his administrative remedies, as required by the Prison Litigation Reform Act, Title 42 U.S.C. Sections 1997e *et seq.* ("PLRA"). Alternatively, the petition could be construed as raising a possible medical malpractice tort claim under the Federal Torts Claims Act, Title 28 U.S.C. Sections 1346(b), 2671 *et seq.* ("FTCA"). In order to bring a claim in federal district court pursuant to the FTCA, a claimant must first exhaust his administrative remedies within the federal agency, in this case, the Bureau of Prisons. *See* 28 U.S.C. § 2675(a); *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82-83 (2d Cir. 2005).

It is unclear from the record whether petitioner has complied with the exhaustion requirements under the PLRA for a *Bivens* claim or under the FTCA for a tort claim. Petitioner

attached several forms to his August 21, 2009 letter, which he alleges were submitted to the BOP in an effort to exhaust his administrative remedies. (*See* Pet. Ltr. dated 8/21/09 at 1; Pet. Ltr. dated 08/21/09, Attachments.) The parties are ordered to file letters within 14 days addressing whether these forms, attached to the 8/21/09 letter, are sufficient to satisfy the exhaustion requirement under the PLRA. The record does not reflect the filing of an FTCA administrative claim with the agency, as required to pursue a claim under the FTCA. Therefore, Allen is ordered to show cause within 14 days why this action should not be dismissed for failure to exhaust administrative remedies pursuant to the FTCA, should petitioner wish to pursue a tort claim in this case. Petitioner should note that the exhaustion requirements under the PLRA and FTCA must be strictly construed and that the 14 day period for filing the submissions ordered herein in no way affects or enlarges the time period for petitioner to exhaust his administrative remedies, should he wish to pursue such claims.[1]

  Should the court determine that petitioner has complied with the administrative exhaustion requirements under the PLRA and/or FTCA, the court will grant petitioner leave to amend his complaint to allege civil rights and/or tort claims

---

[1] Further, the court makes no determination at this time about whether petitioner exhausted administrative remedies in a timely manner as required by BOP grievance procedures and/or the FTCA, or whether doing so after the date of this Memorandum and Order would be timely.

10

and name the appropriate parties.  However, if petitioner has not complied with the exhaustion requirements under the PLRA and/or FTCA, or should petitioner inform the court that he does not wish to pursue a civil rights and/or tort claim in this case, then the action will be dismissed without prejudice.

## **CONCLUSION**

For the foregoing reasons, petitioner's 2241 habeas claims are dismissed without prejudice.  The parties are ordered to file letters within 14 days addressing whether Allen's submissions to the BOP, attached to the 8/21/09 letter, satisfy the exhaustion requirement under the PLRA.  Further, petitioner is ordered to show cause within 14 days why this action should not be dismissed for failure to exhaust his administrative remedies pursuant to the FTCA.  Counsel for respondents is ordered to serve a copy of this Memorandum and Order on petitioner and file a Certificate of Service by December 8, 2010.

**SO ORDERED.**

Dated:    December 7, 2010
          Brooklyn, New York

                                         /s/
                              **Kiyo A. Matsumoto**
                              United States District Judge